UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                  Plaintiff,

                                                                         Case #14-CR-6009-FPG

v.

                                                                          DECISION AND ORDER

JERMAINE SHELTON,

                                  Defendant.

_____

On July 22, 2015, Defendant Jermaine Shelton was sentenced to 37 months imprisonment in accordance with his April 21, 2015 guilty plea to Count 1 of the Indictment in this case. That sentence was imposed concurrently to the Defendant's sentence of 12 months imprisonment in case 05-CR-6056 for a violation of supervised release. After he was sentenced, the Defendant filed an application, ECF No. 65, to have certain time credited towards his sentence in this matter. Specifically, the Defendant argues that the time he was held in State custody between June 21, 2013 to March 12, 2014 should be credited toward his federal sentence pursuant to 18 U.S.C. § 3585(b)(2), and requests that the Judgment issued in this case reflect a credit for this time. The government has not responded to the Defendant's application.

The Defendant's application is foreclosed by the Supreme Court's decision in *United States v. Wilson*, 503 U.S. 329 (1992). The Defendant in that case was arrested in Tennessee, and was held in jail pending the outcome of prosecutions brought by state and federal authorities. He eventually pleaded guilty in federal court, and was sentenced to 96 months imprisonment. The district court denied the defendant's request for credit for time he served in state custody prior to his sentencing, and he appealed. On appeal, the Sixth Circuit reversed, holding that the defendant was entitled to credit for the time he served in state custody, and that the district court

was incorrect in not issuing a credit for that time. The United States Supreme Court then took up the case, and reversed the Sixth Circuit. In so doing, they rejected "Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing" and "agree[d] with the United States that the Attorney General must continue to compute the credit under § 3585(b)." *Wilson*, 503 U.S. at 333-34.

In light of the *Wilson* decision, the requested time served credit should be directed to the Attorney General and the Bureau of Prisons, and not to this Court. As a result, the Defendant's request (ECF No. 65) to have time credited under § 3585(b) is DENIED.

IT IS SO ORDERED.

DATED:   August 11, 2015
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court